UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

- against -  **MEMORANDUM & ORDER**
 19-CR-408 (MKB)

TOMER DAFNA and AVRAHAM TARSHISH
a/k/a AVI TARSHISH,

                        Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

On September 6, 2019, a grand jury returned an indictment against Defendants Tomer Dafna and Avraham Tarshish,[1] charging them with conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 1349 and 3551 *et seq.* ("Counts One and Two"), and substantive counts of wire fraud related to specific transactions in violation of 18 U.S.C. §§ 1343, 2, and 3551 *et seq.* ("Counts Three through Seven").[2] (Indictment ("Ind.") ¶¶ 36–42, Docket Entry No. 1; Grand Jury Investigations Covering Mem., annexed to Ind. as Ex. 3, Docket Entry No. 1-3.) The Indictment alleges that Defendants engaged in conspiracies to defraud lenders and certain borrowers (collectively, the "Short Sale Victims") "by providing them with false, misleading and incomplete information to induce them to execute short sales at fraudulently depressed prices,

---

[1] The grand jury also returned the indictment against co-Defendants Iskyo Aronov, Michael Konstantinovskiy, and Michael Herskowitz, all of whom have pleaded guilty. Aronov pleaded guilty to Counts One and Two in July of 2022, Herskowitz pleaded guilty to Count One in June of 2024, and Konstantinovskiy pleaded guilty to Count One in July of 2024. (Min. Entry dated July 11, 2022; Min. Entry dated June 27, 2024; Min. Entry dated July 29, 2024.)

[2] The Indictment was unsealed on September 12, 2019. (Order dated Sept. 12, 2019, Docket Entry No. 8.)

thereby causing losses to the lenders and, at times, the borrowers" (the "Short Sale Schemes"). (Ind. ¶ 18.)

On August 19, 2024, Defendants Dafna and Tarshish jointly moved to preclude the government from introducing evidence related to one of the properties listed in the government's Bill of Particulars, namely 142-58 Rockaway Boulevard, and the government opposed the motion.[3] For the reasons set forth below, the Court denies Defendants' motion to exclude evidence related to 142-58 Rockaway Boulevard.

## I. Discussion

Defendants argue that the Court should preclude the use of the alleged 142-58 Rockaway Boulevard short sale in its case in chief because to do so would impermissibly amend the Bill of Particulars. (Defs.' Mem. 21, 26.) In support, Defendants argue that the belated addition of the 142-58 Rockaway Boulevard property would contravene Rule 7(f) of the Federal Rules of Criminal Procedure,[4] because Defendants have relied on a list of thirty properties provided by

---

[3] (Defs.' Joint Mot. for Release of *Brady* Materials ("Defs.' Mot."), Docket Entry No. 361; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 361-1; Gov't Opp'n to Defs.' Mot. ("Gov't Opp'n"), Docket Entry No. 370; Defs.' Reply Mem. in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 371.) Defendants also moved for the release of materials from the government they contend require disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Defs.' Mem.) In its submission, the government opposed Defendants' (1) motion to exclude evidence of the additional property, (2) motion for the release of *Brady* materials, and (3) separate joint motion to dismiss the Indictment for speedy trial reasons. (Gov't Opp'n.) At a status conference held on October 2, 2024, the Court granted Defendants' request to submit additional briefing on the *Brady* issue. (Min. Entry dated Oct. 2, 2024.) For the purposes of this Memorandum and Order, the Court addresses only Defendants' request to preclude evidence related to 142-58 Rockaway Boulevard.

[4] Rule 7(f) of the Federal Rules of Criminal Procedure states that "[t]he court may direct the government to file a bill of particulars," and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." *See also United States v. Mulder*, 273 F.3d 91, 100 (2d Cir. 2001) ("A bill of particulars may be amended at any time subject to such conditions as justice requires." (quoting Fed. R. Crim. P. 7(f))).

2

the government to prepare for trial rather than the full list of properties provided in the Bill of Particulars, and have not retained documents related to the remaining properties due to the high cost of discovery retention. (*Id.* at 25–26.) Defendants also contend that the government's failure to include the property on earlier lists and its belated inclusion suggest that "the government did not prepare its case with a belief that it might actually proceed to trial," and "reflects a severe lack of diligent trial preparation by the government." (*Id.* at 27.) Further, Defendants argue that the resulting prejudice is significant, as they have limited their storage to documents responsive to the thirty properties identified by the government, and are therefore unable to review documents to defend against a claim that 142-58 Rockaway Boulevard was part of the charged short sale scheme. (*Id.* at 28.)

The government argues that the Court should not preclude evidence regarding 142-58 Rockaway Boulevard because (1) the list of thirty properties provided to Defendants was not a revised Bill of Particulars intended to replace the prior, more expansive one, and the government reserved its right to expand or substitute the list of thirty properties, (2) the government still intends to focus on the specific short sale transactions included on the list of thirty properties, (3) Defendants have the relevant documents related to this transaction, as the government has recently produced relevant documents as part of its pretrial disclosures, and (4) given Dafna's involvement in the property and its short sale, the presentation at trial of evidence related to this transaction should come as no surprise to him. (Gov't Opp'n 63–66.)

Federal district courts have authority to "direct the government to file a bill of particulars," Fed. R. Crim. P. 7(f), and "[w]hether to grant a bill of particulars rests within the sound discretion of the district court," *United States v. Schlesinger*, 261 F. App'x 355, 359 (2d Cir. 2008) (quoting *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984)). "A bill of

3

particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Chen*, 378 F.3d 151, 163 (2d. Cir. 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)).

In May of 2021, the Court directed the government to provide a Bill of Particulars with the particulars regarding two of the alleged schemes and the identity of known unindicted Short Sale co-conspirators. (Mem. & Order dated May 6, 2021 ("May 2021 Decision"), Docket Entry No. 181.) The government provided a Bill of Particulars to Defendants with "a list of completed or attempted short sales" consisting of 477 properties that the government alleged were part of the schemes, which included the 142-58 Rockaway Boulevard property. (Letter Regarding Bill of Particulars 2, Docket Entry No. 190; Properties from Bill of Particulars 8, annexed to Aff. of Ellen Resnick as Ex. C, Docket Entry No. 361-5.) Although the government later provided a list of thirty properties it anticipated introducing evidence of at trial, it stated that it "reserve[d] it[s] right to supplement or substitute properties on the . . . list," and stated that the list was "not intended to preclude the government from offering any such exhibit at trial, or testimony regarding the short sale practices of the defendants and their co-conspirators more broadly." (Letter Regarding Short Sale Transactions, Docket Entry No. 301.) The list of thirty properties was therefore not an amended bill of particulars such that it would be subject to Rule 7(f). Defendants rely on no law, and the Court is aware of none, that would prevent the government from presenting evidence related to a property provided to Defendants in the Bill of Particulars. *See United States v. Perryman*, 881 F. Supp. 2d 427, 430–31 (E.D.N.Y. 2012) ("It is also important to recall that a bill of particulars is not a discovery device and 'should not function to disclose evidence, witnesses, and legal theories to be offered by the [g]overnment at trial or as a general investigative tool for the defense.'" (quoting *United States v. Henry*, 861 F. Supp. 1190,

4

1197 (S.D.N.Y. 1994))); *see also United States v. Davis*, No. 17-CR-615, 2021 WL 826261, *2 (E.D.N.Y. Mar. 3, 2021) ("Because a bill of particulars is not intended to be a discovery device, the [c]ourt 'cannot compel the government to disclose, through a bill of particulars, the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories, lest the defendant tailor his testimony to explain away the government's case.'" (quoting *United States v. Batista*, No. 06-CR-265, 2009 WL 910357, at *9 (E.D.N.Y. Mar. 31, 2009))).

The Court therefore denies Defendants' motion to preclude evidence related to the 142-58 Rockaway Boulevard property.

## II.  Conclusion

For the foregoing reasons, the Court denies Defendants' motion to exclude evidence related to 142-58 Rockaway Boulevard.

Dated: October 6, 2024
       Brooklyn, New York

                                              SO ORDERED:

                                              _____s/ MKB_____
                                              MARGO K. BRODIE
                                              United States District Judge